OPINION
{¶ 1} Defendant-appellant Garth Leonard Dexter appeals the June 19, 2003 Judgment Entry of the Muskingum County Court of Common Pleas, Domestic Relations Division, adopting the June 19, 2003 Magistrate's Decision, which granted plaintiff-appellee Tamatha Jean Dexter's motion to dismiss appellant's administrative review of his child support obligation.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 1, 2002, at appellant's request, the Muskingum County CSEA conducted an administrative review of appellant's child support obligation. The CSEA recommended appellant's child support obligation be decreased to $708.45 per month, per child, effective November 1, 2002. The CSEA based its recommendations upon the statutory support worksheet using incomes assessed from both parties.
 {¶ 3} Appellee objected to the CSEA recommendations, and requested a hearing. On October 16, 2002, the Muskingum County Court of Common Pleas, via Magistrate's Order, noticed the hearing, and according to R.C. 3119.68, ordered each party to bring certain specified financial documents to the hearing. The Order indicated "Any willful failure to comply with this Order is Contempt of Court. Upon a finding that a party is in contempt of court, the court will take any action necessary to obtain the information or make any reasonable assumptions necessary with respect to the information the person in contempt of court did not provide to ensure a fair and equitable review of the child support order."
 {¶ 4} On October 30, 2002, appellee noticed appellant's record deposition. The notice requested certain financial documents for the records deposition. On November 8, 2002, appellant filed a motion for a protective order. On November 12, 2002 appellee filed a memorandum contra. On November 13, 2002, the trial court issued a protective order from the deposition and from providing documents outside the scope of the CSEA's administrative review and R.C. 3119.68.
 {¶ 5} On December 23, 2002, appellee filed a motion to compel appellant to comply with the previous document request. The trial court issued a Magistrate's Order on December 30, 2002, requiring appellant to fully disclose documents requested by appellee. On January 28, 2003, appellee filed a motion to find appellant in contempt for not producing the documents, and requested the trial court prohibit appellant from introducing any evidence of his income at hearing.
 {¶ 6} On March 26, 2003, the parties appeared at the hearing in this matter. The hearing was then continued due to a time constraint. On April 1, 2003, appellee filed a motion to dismiss, requesting the trial court dismiss appellant's request for review of his child support obligation. On April 2, 2003, appellant filed a response to the motion to dismiss. On April 11, 2003, the trial court issued a Notice of Assignment of Hearing on all pending motions to be set for June 19, 2003. Appellee filed another supplemental motion to dismiss on June 16, 2003. On June 19, 2003, prior to commencement of the continued hearing, the magistrate granted appellee's motion to dismiss. The trial court filed a Judgment Entry approving and adopting the magistrate's decision on the same day.
 {¶ 7} It is from the June 19, 2003 Judgment Entry appellant now appeals raising the following assignment of error:
 {¶ 8} "I. The Appellant was denied his statutory right to a Child support review by the dismissal of the Trial Court."
 I {¶ 9} In the first assignment of error, appellant maintains the trial court erred in granting the motion to dismiss denying appellant of his statutory right to administrative review of his child support obligation. We disagree.
 {¶ 10} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 11} Appellant cites R.C. 3119.66, arguing the trial court was required to conduct a hearing to determine the appropriate amount of child support based upon the CSEA recommendation. The statute reads:
 {¶ 12} "If the obligor or the obligee requests a court hearing on the revised amount of child support calculated by the child support enforcement agency, the court shall schedule and conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised."
 {¶ 13} On March 26, 2003, the trial court commenced a hearing on the administrative review of the child support obligation. However, the trial court could not finish the hearing on that date as the scheduled time had expired. The hearing was continued to a subsequent date, not terminated. The trial court reset the hearing for June 19, 2003. Prior to commencing the hearing, however, the trial court granted appellee's pending motion to dismiss. We find the trial court met the requirement of R.C.3119.66, and did not abuse its discretion in granting the motion to dismiss based upon appellant's discovery violations.
 {¶ 14} Furthermore, we find appellant waived any objection to the magistrate's decision by failing to file written objections within 14 days of the decision. Civ. R. 53 states:
 {¶ 15} "Decisions in referred matters.
 {¶ 16} "Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
 {¶ 17} "(1) Magistrate's decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
 {¶ 18} "(2) Findings of fact and conclusions of law. If any party makes a request for findings of fact and conclusions of law under Civ. R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ. R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision. A magistrate's findings of fact and conclusions of law shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party timely and specifically objects to that finding or conclusion as required by Civ. R. 53(E)(3).
 {¶ 19} "(3) Objections.
 {¶ 20} "(a) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ. R. 53(E)(4)(c). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
* * *
 {¶ 21} "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 22} Appellant's failure to file objections to the magistrate's decision in accordance with Civ. R. 53 precludes appellant from challenging the trial court's Judgment Entry on appeal. At the hearing, the magistrate made a finding appellant violated the court's discovery orders. Despite the trial court's judgment entry of the same day adopting the decision, appellant had 14 days to file his objections to the decision. Appellant's failure to file objections according to Civ. R. 53 waives any objection to the magistrate's conclusion of law and the trial court's adoption of the same.
 {¶ 23} Appellant's assignment of error is overruled.
 {¶ 24} The June 19, 2003 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
Hoffman, P.J., Farmer, J. and Wise, J., concur.